# M<span>c</span>G<span>rail</span> & B<span>ensinger</span> LLP

Menachem M. Bensinger
888-C 8th Avenue #107
New York, NY 10019
Ph: (718) 434-2676 Fax: (718) 228-7717

May 4, 2017

<u>V<span>ia</span> ECF <span>and</span> F<span>ed</span>E<span>x</span></u>

The Honorable Leonard D. Wexler
Senior United States District Court Judge
United States Courthouse
944 Federal Plaza
Central Islip, New York 11722

Re: <u>Response to Pre-Motion Letter in 17-cv-850 (LDW)(GRB)</u>

Dear Judge Wexler:

      This Firm represents Mindy Weiss Party Consultants, Inc. ("**MWPC**"), plaintiff in the above-referenced action. We write in accordance with Rule 2(b) of your Honor's Individual Motion Practice and Rules, in response to defendants' request for a pre-motion conference (the "**Defendants' Letter**").

<u>Brief Background</u>

      This case is straightforward: defendants Bernard and Joan Carl ("**Defendants**") hired MWPC pursuant to two contracts, one written and one oral, to plan a lavish wedding for their daughter, Alex. MWPC performed under both contracts. Defendants did not and now owe MWPC $340,343.91. The "issues" identified as purported grounds for dismissal of this lawsuit in Defendants' Letter are non-issues, for the reasons set forth below.

<u>Defendants' Letter</u>

      Defendants' Letter identifies three alleged bases for dismissal of this action: (i) that MWPC has no capacity to sue in this Court under New York's gatekeeping statute, since it has not registered to do business in New York; (ii) that defendant Joan Carl, who is identified as a client on the written contract, whose name and address is on the written contract, and who was party to numerous arrangements with MWPC during its provision of services under the written and oral contracts, is not a properly named defendant since she didn't sign the contract; and (iii)

that certain causes of action alleged by MWPC are mutually exclusive.  None of these arguments will prevail on a fully-briefed motion to dismiss.

Issue One: No Capacity

Defendants allege that MWPC has no capacity to sue in this Court under NY Business Corporation Law § 1312(a), often referred to as New York's "gatekeeping statute," since MWPC is "conducting business" in New York but did not register to do same.

Although it is true that a foreign corporation bringing suit under diversity jurisdiction in this Court is subject to New York's gatekeeping statute, this has no impact here, as (i) the standard applied by the Second Circuit and New York state courts in interpreting "conducting business" under § 1312(a) is whether the plaintiff has been engaged in "continuous, systematic, and regular" business in New York (a heavier burden than, for example, what's needed to support jurisdictional bases), (ii) New York courts consistently respond to capacity challenges under the gatekeeping statute by holding that foreign corporations can conduct many types of business in New York without reaching the "conducting business" threshold, See Netherlands Shipmortgage Corp. v. Madias, 717 F.2d 731 (2d Cir. 1983) (many types of business can be conducted in New York by foreign corporations that don't equate to "conducting business" under New York's gatekeeping statute), (iii) the starting assumption is that the foreign corporation is *not* conducting business in New York, and (iv) the burden of disproving the same rests squarely on the party raising the issue.

Defendants will not be able to meet their burden of proving that MWPC "conducts business" to a degree requiring registration, because it does not.  MWPC is a California-based business that occasionally does business in New York.  The allegations to the contrary in Defendant's Letter are mostly false; for example, MWPC has no office or employees in New York.  Defendants tacitly acknowledge that they have no real factual support for their allegations ("Based on the extensive information publicly available *even before discovery*…").  MWPC's limited contacts with New York fall well below the threshold requiring registration, and MWPC has full capacity to seek redress against Defendants in this Court.

Issue Two:  Defendant Joan Carl Should Not Be Named

Defendants next argue that Mrs. Carl should not be a named defendant in this action, since she did not sign the written contract with MWPC.  This argument will fail as well, among other reasons, because (i) parties can bind themselves to a contract even without signatures (e.g., by action), (ii) the contract identifies both Joan and Bernard Carl as the "clients" and, in fact, they both sought and received services under the written and oral contracts, (iii) Bernard Carl, who seems to have signed the written contract, is a New York attorney who can certainly act on behalf of his wife, Joan, and (iv) Joan Carl is also party to the oral contract, as alleged in the complaint.  And, of course, all of these issues are factual issues that are not appropriately decided on a FRCP 12(b)(6) motion to dismiss.

Issue Three: Certain Claims Are Mutually Exclusive

      Federal Rule of Civil Procedure 8(e)(2) specifically permits pleading in the alternative.

Conclusion

      MWPC deserves to be paid for the work it did and the funds it advanced on behalf of, and at the direction of, Defendants. Its complaint surpasses all pleading standards, and this Court should deny any motion to dismiss. MWPC welcomes the opportunity to more fully address the above issues before this Court.


Respectfully,

McGrail & Bensinger LLP


__/s/ Menachem M. Bensinger_____
By: Menachem M. Bensinger, Partner
*Counsel to Mindy Weiss Party Consultants, Inc.*