UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
MINDY WEISS PARTY CONSULTANTS,
INC.,

                      Plaintiff,

    -against-

BERNARD CARL and JOAN CARL,

                      Defendants.

----------------------------------------------------------X

MEMORANDUM AND ORDER

CV 17-850

(Wexler, J.)

APPEARANCES:

    McGRAIL & BENSINGER LLP
    BY:   Menachem M. Bensinger, Esq.
    Attorneys for Plaintiff
    888-C 8th Avenue, #107
    New York, New York 10019

    CAPUDER FAZIO GIACOIA LLP
    BY:   Douglas Capuder, Esq.
           Joseph D. Giacoia, Esq.
    Attorneys for Defendants
    90 Broad Street, 18th Floor
    New York, New York 10004

WEXLER, District Judge:

    This is a breach of contract action arising out of unpaid bills pertaining to the planning of Defendants' daughter's wedding. Before the Court is Defendants' motion to dismiss Plaintiff's Complaint, based upon Plaintiff's legal capacity to sue or, in the alternative, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a cause of action. Plaintiff

-1-

opposes the motion. For the following reasons, Defendants' motion to dismiss is denied.

## BACKGROUND

Plaintiff, Mindy Weiss Party Consultants, Inc. ("MWPC"), is a California corporation engaged in event planning for affairs such as weddings and bar/bat mitzvahs. (Compl. ¶ 1.) MWPC is wholly-owned by Mindy Weiss, who is a resident of California. (Id. ¶¶ 1, 7.)

On or about May 21, 2014, MWPC met with Defendants, Bernard and Joan Carl, to discuss the provision of event planning services for the upcoming wedding of their daughter, Alex. (Id. ¶ 11.) Defendants expressed interest in an extravagant affair, never mentioning the word "budget." (Id. ¶ 12.)

On or about June 6, 2014, the parties entered into a consultation agreement with MWPC (the "Consultation Contract"), pursuant to which MWPC would be paid $95,450.00 in "professional fees." (Id. ¶¶ 14, 18.) The Consultation Contract also provided that Defendants would pay for expenses incurred by MWPC in rendering its event planning services, which amounted to $50,037.43. (Id. ¶¶ 19-20.) To date, Defendants have paid $25,000 to MWPC toward the professional fees and expenses, leaving a balance due of $120,787.43. (Id. ¶ 21.)

Subsequently, the parties entered into a second contract, the "Vendor Advance Contract," by which it was agreed that MWPC would directly contract with the wedding vendors selected for the event. (Id. ¶ 24.) Under this agreement, MWPC would pay the wedding vendors directly and Defendants would reimburse MWPC for such payments. (Id.) MWPC paid the applicable wedding vendors a total of $267,064.48. (Id. ¶ 28.) Defendants have paid MWPC $47,508 toward the Vendor Advance Contract, leaving a balance due of $219,556.48. (Id. ¶ 29.)

Despite several attempts to receive payment from Defendants prior to the wedding taking place, Defendants only made one partial payment. (Id. ¶¶ 30-41.) Notwithstanding, MWPC performed all of its agreed-upon services and the wedding took place over the course of the weekend of June 19-21, 2015, which included a rehearsal dinner, the wedding and reception - attended by hundreds of guests - and a post-wedding brunch. (Id. ¶¶ 4-5, 42.)

MWPC made multiple requests for payment after the wedding, but did not receive the balance due from Defendants. (Id. ¶ 43.) MWPC then retained the services of a professional debt collector, which attempted to collect the outstanding balance from Defendants. (Id. ¶ 44.) Defendant Bernard Carl responded to the debt collector with a twenty-page letter detailing why he does not believe he owes MWPC any money. (Id. ¶¶ 45-46.)

MWPC thereafter commenced the within diversity action on February 15, 2017, alleging the following causes of action: (1) breach of contract; (2) breach of implied contract; (3) quantum meruit; (4) promissory estoppel; (5) quasi contract; and, (6) unjust enrichment. MWPC seeks damages in the amount $340,343.91, which it alleges are the balances due and owing under the Consultation Contract and the Vendor Advance Contract.

Defendants now move to dismiss MWPC's Complaint based upon Plaintiff's lack of legal capacity to sue since it is not registered to do business in New York. In the alternative, Defendants assert that Plaintiff's Complaint fails to state a claim pursuant to Rule 12(b)(6). Specifically, Defendants argue that Joan Carl was not a party to the underlying contract and as such, should be dismissed from the action. Finally, Defendants assert that MWPC's quasi contract claims should be dismissed since there is no dispute that the parties entered into an express written contract. MWPC opposes the motion in its entirety.

## DISCUSSION

I. <u>Legal Standard</u>

"To survive a motion to dismiss [pursuant to Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)). "Facial plausibility" is achieved when the "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Iqbal</u>, 556 U.S. at 678 (citing <u>Twombly</u>, 550 U.S. at 556). As a general rule, the court is required to accept as true all of the allegations contained in the complaint, <u>see</u> <u>Iqbal</u>, 556 U.S. at 678; <u>Kassner v. 2nd Ave. Delicatessen, Inc.</u>, 496 F.3d 229, 237 (2d Cir. 2007), and to "draw[] all reasonable inferences in the plaintiff's favor." <u>Troni</u>, 2010 U.S. Dist. LEXIS 79670, at *5 (quoting <u>In re NYSE Specialists Sec. Litig.</u>, 503 F.3d 89, 95 (2d Cir. 2007)).

However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . are not entitled to the assumption of truth." <u>Iqbal</u>, 556 U.S. at 678-79 (citation omitted); <u>see also</u> <u>Twombly</u>, 555 U.S. at 555 (stating that the Court is "not bound to accept as true a legal conclusion couched as a factual allegation"). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations," which state a claim for relief. <u>Iqbal</u>, 556 U.S. at 679. A complaint that "tenders 'naked assertion[s]' devoid of 'further factual enhancement'" will not suffice. <u>Iqbal</u>, 556 U.S. at 678 (quoting <u>Twombly</u>, 555 U.S. at 557).

II. Capacity to Sue

Under New York law:

> A foreign corporation doing business in this state without authority shall not maintain any action or special proceeding in this state unless and until such corporation has been authorized to do business in this state and it has paid to the state all fees and taxes imposed under the tax law or any related statute.

N.Y. Bus. Corp. Law § 1312(a). This statute was passed "to ensure that those foreign companies that engaged in systematic intrastate transactions in New York undertook to conform to registration and taxation requirements before taking advantage of the state's courts as a forum for its grievances . . ." National Lighting Co. v. Bridge Metal Indus., LLC, 601 F. Supp. 2d 556, 566 (S.D.N.Y. 2009) (additional citation omitted). Known as a "door-closing statute," this provision bars unauthorized foreign corporations from pursuing suits in New York's state courts as well as diversity actions in the federal courts of New York. See Netherlands Shipmortgage Corp. v. Madias, 717 F.2d 731, 735 (2d Cir. 1983).

"[N]ot all business activity engaged in by a foreign corporation constitutes doing business in New York." Madias, 717 F.2d at 735-36. A foreign corporation is permitted to transact "some kinds of business within the state without procuring a certificate" authorizing it to conduct business in New York. Globaltex Group, Ltd. v. Trends Sportswear, Ltd., No. 09-CV-235, 2009 WL 1270002, at *3 (E.D.N.Y. May 6, 2009) (quoting Int'l Fuel & Iron v. Donner Steel, 242 N.Y.2d 224, 229 (1926)). In order for a foreign corporation to be doing business in New York within the context of Section 1312, "the intrastate activity of the foreign corporation [must] be permanent, continuous, and regular." Manney v. Intergroove Tontrager Vertriebs GMBH, No. 10 Civ. 4493, 2011 WL 6026507, at *8 (E.D.N.Y. Nov. 30, 2011) (quoting Madias, 717 F.2d at

736) (alteration in original).

In determining whether a foreign corporation is doing business in New York, the Court must engage in a fact-specific analysis. See Globaltex, 2009 WL 1270002, at *3 (citing Von Aryx v. Breitenstein, 384 N.Y.S.2d 895, 897 (4th Dep't 1976)). While several factors may be considered by the Court in connection with this inquiry, "a temporary or an insubstantial business presence will not warrant an inference that a foreign corporation is doing business in New York." Manney, 2011 WL 6026507, at *8 (quoting Madias, 717 F.2d at 738). "[I]n the absence of evidence of ongoing intrastate business activity, the inference that a foreign corporation is not doing business in New York must be based on evidence of substantial and permanent or continuous business activity in the state, i.e., evidence that the corporation has localized some portion of its business activity in New York." Manney, 2011 WL 6026507, at *8 (quoting Madias, 717 F.2d at 739).

For purposes of Section 1312, "a corporation is presumed to be doing business where it is incorporated." New Asia Enterprises Ltd. v. Fabrique, Ltd., No. 13 Civ. 5271, 2014 WL 3950901, at *6 (S.D.N.Y. Aug. 13, 2014) (citing Storwal Int'l, Inc. v. Thom Rock Realty Co., 784 F. Supp. 1141, 1144 (S.D.N.Y. 1992)). "Non-compliance with the statute is an affirmative defense," Domino Media, Inc. v. Kranis, 9 F. Supp. 2d 374, 385 (S.D.N.Y. 1998), and the party seeking to invoke it "bears the burden of proving that the corporation's business activities in New York were 'so systematic and regular as to manifest continuity of activity in the jurisdiction.'" Manney, 2011 WL 6026507, at *7 (quoting S & T Bank v. Spectrum Cabinet Sales, Inc., 668 N.Y.S.2d 621 (2d Dep't 1998)). The relevant timing to be considered is "whether [Plaintiff] was doing business in New York at the time the action was commenced."

Remsen Partners, Ltd. v. Southern Mgmt. Corp., No. 01 Civ. 4427, 2004 WL 2210254, at *3 (S.D.N.Y. Sept. 30, 2004) (quoting Domino Media, 9 F. Supp. 2d at 385) (alteration in original).

III. Analysis

Defendants assert that, pursuant to Section 1312, MWPC lacks capacity to sue since it is conducting significant business in New York without being registered to do so. In support, Defendants offer the following: (1) MWPC's website wherein it states that MWPC is based out of Beverly Hills and New York; (2) a press release from 2013 stating that MWPC is based in Beverly Hills and New York City; (3) MWPC maintains an office and a telephone number in New York; and (4) MWPC handles a significant amount of events in New York, citing to six events conducted by MWPC in New York during 2016.

In opposition, MWPC submits an affidavit from its owner, Mindy Weiss, in which she states that MWPC does indeed have a New York telephone but it does not maintain an office in New York. Rather, Mindy Weiss herself rents an apartment in New York because her son attends college there. (Weiss Aff. ¶¶ 9(a)-(b).) Weiss further proffers that in 2016, MWPC planned six events in New York, out of a total of 100 events for that year. Of those six events, four were for California based clients while two were for New York based clients. (Id. ¶ 6.) Finally, Weiss submits that MWPC planned only one event in New York during the course of 2017, which was a no-charge favor for a California based client. (Id. ¶ 7.)

Looking at the facts presented by both parties, the Court finds that MWPC's contacts with New York are insufficient to rebut the presumption that MWPC is not "doing business" in New York for purposes of Section 1312. As stated above, the relevant time frame to consider is the

time at which this action was commenced, which was February 2017. See Domino Media, 9 F. Supp. 2d at 385. MWPC only planned one event in New York during the entire course of 2017. Even taking into account those events planned in 2016, only six out of 100 events took place in New York. The Court finds six percent of a company's annual business insufficient to deem the company's intrastate activity "permanent, continuous, and regular." Madias, 717 F.2d at 736. In addition, while Defendants argue that MWPC maintains office space in New York, MWPC avers that it is actually a rental apartment for Mindy Weiss's personal use. Regardless, "merely maintaining an office in New York is insufficient to meet the section 1312 'doing business' standard." New Asia Enter., 2014 WL 3950901, at *7 (citing Posadas de Mexico, S.A. de C.V. v. Dukes, 757 F. Supp. 297, 301 (S.D.N.Y. 1991)).

MWPC is presumed to be doing business in California, where it is incorporated. See New Asia Enter., 2014 WL 3950901, at *6 (citing Posadas de Mexico, 757 F. Supp. at 301. The burden is on Defendants to prove otherwise. Based on the foregoing, the Court finds that Defendants have failed to carry this burden. Accordingly, Defendants' motion to dismiss on this ground is denied.

IV. The Remaining Grounds for Defendants' Motion

In the alternative, Defendants seek to dismiss Plaintiff's Complaint as against Joan Carl on the grounds that she is not a party to the contracts entered into with MWPC. In addition, Defendants request dismissal of Plaintiff's quasi contract claims on the grounds that they are barred by the existence of an express contract.

With respect to Defendant Joan Carl, while it appears undisputed that she did not execute

the Consultation Contract, there are factual issues concerning whether she is indeed a party to the contracts underlying this action. Drawing all inferences in favor of Plaintiff, as the Court must at this juncture, MWPC has sufficiently stated a claim against Joan Carl. Accordingly, Defendants' motion to dismiss Joan Carl from this action is denied.

Finally, as to the quasi contract claims, Plaintiff correctly argues that, pursuant to Federal Rule of Civil Procedure 8, it is permitted to plead claims in the alternative, regardless of whether they are inconsistent. See Henry v. Daytop Vill., 42 F.3d 89, 95 (2d Cir. 1994) ("Under Rule (8)(e)(2) of the Federal Rules of Civil Procedure, a plaintiff may plead two or more statements of a claim, even within the same count, regardless of consistency."); Di Simone v. CN Plumbing, Inc., No. 13-CV-5088, 2014 U.S. Dist. LEXIS 44574, at *16 (E.D.N.Y. Mar. 31, 2014) ("A claim for quasi contract may be pled in the alternative to a contractual claim."). However, the Court notes that at the time of summary judgment or trial, after having had the benefit of discovery, Plaintiff will have to choose between its theories of liability. Accordingly, Defendants' motion to dismiss the quasi contract claims is denied.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is denied in its entirety.

**SO ORDERED:**

Dated: Central Islip, New York
January 26, 2018

LEONARD D. WEXLER
United States District Judge